## Wm. HAGGERTY v. STATE.

No. A-3758. Opinion Filed Sept. 12, 1921.
(200 Pac. 553.)

Appeal from County Court, Custer County; E. J. Lindley, Judge.

Wm. Haggerty was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

A. E. Darnell, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Appellant, Wm. Haggerty, and J. O. Guy, John Lemke, and Tom Stubblefield were jointly charged with having conveyed two quarts of whisky from a place in Custer county unknown to the corner of Second street and Dunn avenue in the city of Clinton; thence south to the city limits of Clinton. On his separate trial appellant was convicted and his punishment fixed at 30 days' confinement in the county jail and a fine of $50. From the judgment entered on the verdict, he appeals.

This case is a companion case to that of J. O. Guy, 19 Okla. Cr. 397, 200 Pac. 552, this day decided. The two witnesses for the state were the same, and their testimony in so far as it was competent and material was the same as in the Guy Case.

At the close of the state's case appellant asked the court to direct a verdict of acquittal, which was refused.

As a witness in his own behalf appellant stated:

"I went out in that car with those fellows. They asked me to go for the purpose of taking a drink. Other than that I had nothing to do with it. I did not drive the car. They drove down to Leona McGehee's house. John Lemke asked me to get her. I just told her that Lemke wanted to see her. They then drove south of town, and all of us drank the whisky."

After argument upon the motion for new trial closed, the court stated:

"As I remember the evidence, the defendant Guy had the automobile, either his own or a jitney, and he loaded it full of whisky and came to Clinton; on the way he picked up Lemke and Stubblefield; they initiated this offense; they took on Haggerty; he was in no way interested in the car;

he didn't drive it; they all drank while Haggerty was along. I am inclined to think that the appellate court would not hold him as a party to transporting that liquor. There is a very fine distinction there, but it seems to me there is a distinction there between these men. I am inclined to sustain this motion for new trial as to Haggerty."

After further argument the court said:

"Well, I will defer judgment on the motion until to-morrow if you want it, but that is the way I have it analyzed in my mind."

The reversal of the judgment is asked on the ground that the court erred in refusing to advise the jury to return a verdict of acquittal, and that the evidence is insufficient to sustain the verdict.

Upon the undisputed facts in this case, it is clear that the conviction cannot be sustained. Upon the state's theory its witnesses were accomplices, and there was no testimony tending to show that appellant had anything to do with transporting the whisky in question. Because the evidence is insufficient to sustain the verdict, the judgment of the lower court is reversed.